IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL NO.   4:16-CR-00129 |
| v. | ) | |
| | ) | |
| DENNIS EUGENE KIMBALL., | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

A Sentencing Hearing in this matter has been scheduled for Wednesday, January 11, 2017, at 10:00 a.m. The United States provides the following information in anticipation of the Sentencing Hearing.

I. **Introduction**

   A.   Witnesses

The United States does not intend to call any witnesses at sentencing.

   B.   Exhibits

The United States does not intend to offer any exhibits at sentencing.

   C.   Sentencing Issues

None

II. **Background**

On August 24, 2016, in the Southern District of Iowa, Defendant was charged in a one count Indictment, Escape, in violation of Title 18 U.S.C. § 751(a). (PSR ¶ 1, dated January 3, 2017.) The escape from Fort Des Moines Correctional Facility half-way house occurred on August 12, 2016. (PSR ¶ 8). The nature of the facility resulted in a four (4) level reduction as reflected in the PSR, (PSR ¶ 15.) On September 22, 2016, Defendant pled guilty to the charge; the plea was entered without a plea agreement. (PSR ¶¶ 2, 3).

The advisory guideline sentence, as calculated by the probation office, is 8-14 months, based on a total offense conduct level of seven (7) and a criminal history category of 8-14 months (PSR ¶45, ¶85).

III. **Statutory Considerations:**

Title 18 U.S.C. § 3553(a) directs the Court to consider the following factors in determining the particular sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [. . .] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [. . .] issued by the Sentencing Commission [;]
>
> (5) any pertinent policy statement [. . .] issued by the Sentencing Commission [;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

**IV. Discussion:**

As stated in the PSR, Defendant was transferred to the Fort Des Moines Correctional Facility, which is a residential re-entry center (RRC), Des Moines, Iowa, on May 3, 2016 (PSR ¶ 7). On August 12, 2016. 2016, he signed out to report to work at a business in Des Moines; however, he had been terminated by that company on August 9, 2016. (PSR ¶ 8.) He was apprehended by U.S. Marshals at the residence of a "potential girlfriend" on August 30, 2016 (PSR ¶ 9.) He advised the Marshals he had cut off his GPS monitoring device on August 12, 2016.) Defendant's projected release date from the RRC had been October 29, 2016. (PSR 7).

Defendant's encounters with law enforcement have been numerous, starting at the age of seventeen (17). (PSR ¶ 25). His latest conviction involved an attempted bank robbery for which he received a 145-month sentence. (PSR ¶ 42). His sentencing range of 8-14 months is largely based on his criminal history category IV. (PSR ¶45).

Defense counsel has requested Mr. Luna reside in a half-way house while on supervision. (Defendant's brief, p.4). This issue can be dealt with as a special condition of supervised release. Initially, the normal length of time for half-way placement is 120 days. If additional time is appropriate, probation may file a document with the Court requesting an extension.

**V. Conclusion:**

Defendant's offense conduct and criminal history are correctly calculated. There are other matters to address with the Court which could affect the sentencing of the Defendant which will be taken up during the sentencing proceedings.

                                           Kevin VanderSchel
                                           United States Attorney

                                     By: /s/ John E. Beamer
                                           John E. Beamer
                                           Assistant United States Attorney
                                           110 East Court Ave., Suite 286
                                           Des Moines, IA 50309
                                           Tel: 515-473-9300
                                           Fax: 515-473-9292
                                           Email: john.beamer@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2017, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.   I hereby certify that a copy of this document was served on the parties or attorneys of record by:   X    ECF/Electronic filing

UNITED STATES ATTORNEY
By:  /s/ Shawna Wenson
     Legal Assistant